Melchor Karl T. LIMPIN
940 Park Blvd., #112
San Diego, CA 92101



**FILED**

Aug 04 2022

**CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**
BY          s/ ElizabethS          **DEPUTY**

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

Melchor Karl T. LIMPIN,

    Pro se Plaintiff,

  v.

Merrick GARLAND (Current U.S. Attroney General) in his official capacity, Loretta E. LYNCH (Former U.S. Attorney General), Immigration and Customs Enforcement ("ICE") officers PORTER, COBIAN, and LARWA, Robert B.C. MCSEVENEY (immigration judge), Kerri A. CALCADOR (former DHS attorney), Guy G. GRANDE (former DHS attorney), Damon T. HININGER (Corecivic, Inc. CEO), Cole CARTER (CoreCivic, Inc. Executive VP), David CHURCHHILL (CoreCivic, Inc. Executive VP), David M. GRAFINKLE (CoreCivic, Inc. CFO), Anthony L. GRANDE (CoreCivic, Inc. Executive VP), Lucibeth MAYBERRY (CoreCivic, Inc. Executive VP) and Patrick SWINDLE (CoreCivic, Inc. Chief Operating Officer) and Harley LAPPIN (CoreCivic, Inc. Director), in their individual capacities.

    Defendant(s).

Case No.:  **'22 CV 1150 CAB BGS**

**CIVIL COMPLAINT**

i

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION ............................................................... 1

II. JURISDICTION ............................................................... 1

III. PARTIES ................................................................. 1,2

IV. STATEMENT OF FACTS ................................................. 2-3

V. NATURE OF CLAIMS ...................................................... 3-7

VI. LEGAL ARGUMENTS

    FIRST CAUSE OF ACTION ............................................ 7-15
        Three substantial questions of law or Constitutional Challenges to a Statute— 8 U.S.C. § 1226(a), with jurisdiction 28 U.S.C. § 1331 (Federal Question)

    SECOND CAUSE OF ACTION .......................................... 15-18
        *Bivens* cause of action against individually named federal defendants

    THIRD CAUSE OF ACTION ........................................... 18-21
        *Bivens* cause of action against individually named executives of CoreCivic, INC.

VII. PRAYER FOR RELIEF ................................................ 21-22

ii

# TABLE OF AUTHORITIES

**Page No.**

*Stewart v. US Bancorp,* 297 F.3d 953, 956 (9th Cir. 2002)..............................1

*Oscar v. Alaska Dept. of Educ. and Early Dev.,* 541 F.3d 978, 981 (9th Cir. 2008)..1

*Bivens v. Six Unknown Fed. Narcotics Agents,* 403 US 388 (1971).............1, 15, 17

*Davis v. Passman,* 442 US 228 (Supreme Court 1979)..........................1, 15, 17

*Pereira v. Sessions,* 138 S.Ct. 2105, 2108 (Supreme Court 2018) .............2

*Lorenzo v. Sessions,* 902 F.3d 930 (9th Cir. 2018) .....................................3

*Demore v. Kim,* 538 US 510, 516- 517 (2003) ........................................... 5

*Armstrong v. N. Mariana Islands,* 576 F.3d 950, 954–55 (9th Cir. 2009) ....... 6, 15, 19

*Pollard v. Geo Group, Inc.,* 607 F.3d 583, 589 (9th Circuit 2010) ................. 6, 20

*Agyeman v. Corr. Corp. of Am.,* 390 F.3d 1101, 1104 (9th Cir. 2004)............. 6, 20

*Johnson v. Duffy,* 588 F.2d 740, 743-744 (9th Circuit 1978) ...................... 7, 20

*United States v. Vargas-Amaya,* 389 F.3d 901, 902 (9th Cir. 2004) ............... 9, 12

*Groh v. Ramirez,* 540 U.S. 551, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004) ...... 9

*Coolidge v. New Hampshire,* 403 US 443 (1971) .................................... 11

*United States v. United States Dist. Court for Eastern Dist. of Mich.,*
407 US 297, 316 (Supreme Court 1972) ............................................ 12, 13

*Katz v. United States,* 389 US 347, 359 (Supreme Court 1967) .................... 12

*Shadwick v. Tampa,* 407 US 345, 350 (Supreme Court 1972) ....................... 13

*Al-Kidd v. Ashcroft,* 580 F.3d 949, 957-958 (9th Cir. 2009) ......................... 18

*United Steelworkers of America v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540-1541 (9th
Cir. 1989) ....................................................................................... 21

## I. INTRODUCTION

1. This case comes from a previous filing in this court for a cause of action under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 US 388 (Supreme Court 1971) (See Southern District Court of California— Case No. 16-CV-02351 with the Hon. Judge Anthony Battaglia).

2. Pro se plaintiff refiles its cause of action under *Bivens* because res judicata or claim preclusion does not prevent refiling of this action. The prior case with the Hon. Judge Anthony Battaglia dismissed the complaint WITHOUT prejudice (See Case No. 16-cv-02351, Docket Entry No. 40) and as such, does not meet the requirement of "final judgment on the merits" for purposes of res judicata. In support, See *Stewart v. US Bancorp,* 297 F.3d 953, 956 (9th Circuit 2002) ("Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action [Citations]. Res judicata applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties."). See also *Oscar v. Alaska Dept. of Educ. and Early Dev.,* 541 F.3d 978, 981 (9th Circuit 2008) ("We have repeatedly held that "a dismissal without prejudice is not a decision on the merits" for the purposes of res judicata [Citations]."). Accordingly, res judicata does not prevent plaintiff in refiling this *Bivens* action.

## II. JURISDICTION

3. (1) plaintiff's Fourth Amendment claims under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 US 388 (Supreme Court 1971); (2) Plaintiff's Fifth Amendment Equal Protection claims under *Davis v. Passman,* 442 US 228 (Supreme Court 1979); and (3) Plaintiff's three substantial questions of law or constitutional challenges to a statute— 8 U.S.C. § 1226(a), invoking jurisdiction 28 U.S.C. § 1331.

## III. PARTIES

4. Plaintiff: Melchor Karl T. LIMPIN, pro se.

Defendant(s): (1) Merrick Brian Garland (Current U.S. Attroney General) in his official capacity, for purposes of the injunctive relief, then (1) Loretta E. LYNCH

**1**

(Former U.S. Attorney General), (2) Immigration and Customs Enforcement ("ICE") officers PORTER, COBIAN, and LARWA, (3) Robert B.C. MCSEVENEY (immigration judge), (4) Kerri A. CALCADOR (former DHS prosecuting attorney), (5) Guy G. GRANDE (former DHS prosecuting attorney), (6) Damon T. HININGER (Corecivic, INC., Chief Executive Officer), Cole CARTER (CoreCivic, INC., Executive Vice President), David CHURCHHILL (CoreCivic, INC., Executive Vice President), David M. GRAFINKLE (CoreCivic, INC., Chief Financial Officer), Anthony L. GRANDE (CoreCivic, INC., Executive Vice President), Lucibeth MAYBERRY (CoreCivic, INC., Executive Vice President) and Patrick SWINDLE (CoreCivic, INC., Chief Operating Officer) and Harley LAPPIN (CoreCivic, INC., Director), in their individual capacities, for purposes of *Bivens* claims.

## IV. STATEMENT OF FACTS

5. On 07/06/2015, Plaintiff LIMPIN was released from the San Diego County jail then resided as an inpatient at the Casa Rafael Residential Treatment located at 993 Postal Way, Vista, CA 92083. As such, plaintiff was a free man, a non-prisoner, and entitled to constitutional protection. However, when plaintiff attended his weekly appointment with his county probation officer on 07/29/2015, plaintiff was arrested by Immigration and Customs Enforcement ("ICE") law enforcement officers COBIAN and LARWA, with an ICE arrest warrant (Form I-200), issued by another federal cop (i.e., ICE PORTER, acting under color of federal regulations 8 C.F.R. § 236.1(b)(1) derived from the statute—8 U.S.C. § 1226(a) (See attached EXHIBIT A), accompanied by a Notice to Appear ("NTA") that does *not* indicate the date, time and place where plaintiff being notified to attend immigration court proceedings (See attached EXHIBIT B). In essence, plaintiff was wronged because he did not abscond from a prior notice to appear before an immigration court but served with a blank notice to appear See *Pereira v. Sessions,* 138 S.Ct. 2105, 2108 (Supreme Court 2018) ("A putative notice to appear that fails to designate the specific time or place of the noncitizen's removal proceedings is not a "notice to appear under § 1229(a),…").

2

6. On the same day 07/29/2015, the ICE federal officers shepherded or transferred custody of plaintiff to the CoreCivic, INC., correctional officers for the private prison located at 7488 Calzada De La Fuente, San Diego, CA 92231.

7. On 08/20/2015, Robert B.C. MCSEVENY (Immigration Judge) and Kerri A. CALCADOR (DHS prosecuting attorney) (See EXHIBIT C) conducted a custody hearing and held plaintiff captive, acting under color of statute—8 U.S.C. § 1226(a).

8. On 03/09/2016, Robert B.C. MCSEVENEY and Guy G. GRANDE (DHS attorney) further held plaintiff captive despite another custody hearing, while acting under color of statute—8 U.S.C. § 1226(a).

9. On 09/12/2016, plaintiff was released on bail from the private prison. Plaintiff then continued for two more years with the immigration court removal proceedings, outside the confines of a private prison, located at 401 West A Street, Suite #800 San Diego, CA 92101.

10. On 10/12/2018, the immigration court granted the motion to dismiss filed by the U.S. Department of Homeland Security ("DHS") in light of decision, See *Lorenzo v. Sessions*, 902 F.3d 930 (9th Cir. 2018) (The Court held that methamphetamine convictions under §§ 11378 and 11379(a) do not qualify as grounds for removal under 8 U.S.C. § 1227(a)(2)(B)(i)).

## V. NATURE OF CLAIMS

### Synopsis.

11. Firstly, pro se plaintiff's first cause of action, invokes jurisdiction under 28 U.S.C. § 1331 and enumerates three substantial questions of law or Constitutional challenges to a Statute— 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested...) as constitutionally impermissible or violates two fundamentally constitutional prongs under the Fourth Amendment and Fifth Amendment Equal Protection Clause:

3

12. [1] It is clearly established "law of warrants" by the Courts that: (1) the Fourth Amendment Warrant Clause requires that the issuance of an arrest warrant, despite legislation, must be sworn to or must be supported by *Oath or affirmation,* where the ICE arrest warrant (Form I-200) solely issued by a federal cop (i.e., ICE officer Porter), acting under color of federal law See 8 C.F.R. § 236.1(b)(1) and 8 U.S.C. § 1226(a), (See attached EXHIBIT A), was not sworn to or not supported by *Oath or affirmation* and as such, violates the Fourth Amendment Warrant Clause that ("no Warrants shall issue, but upon probable cause, supported by *Oath or affirmation*"); (2) The intendment of the Fourth Amendment Warrant Clause requires that the issuance of an arrest warrant despite legislation be made by a "neutral or impartial" person; and (3) the Executive Branch of government (i.e., President or U.S. Attorney General) "cannot be neutral or impartial" to issue an arrest warrant despite legislation—8 U.S.C. § 1226(a) because of its involvement and connection with the prosecution and investigation of charges brought against plaintiff, unlike a judicial officer or neutral magistrate.

13. [2] Equal Protection Component of the Fifth Amendment violation because *before* the Executive Branch of government can take away plaintiff's liberty, it cannot deny the equal protection provided by the law of warrants of the Fourth Amendment Warrant Clause, requiring the issuance of an arrest warrant despite legislation, must be sworn to or supported by *Oath and affirmation* and such an arrest warrant be issued only by a "neutral or impartial" person, where the Executive Branch of government (i.e. President or Attorney General) despite legislation 8 U.S.C. § 1226(a), cannot be neutral or impartial to issue an arrest warrant because of its involvement with the prosecution and investigation of charges brought against plaintiff, unlike a judicial officer or neutral magistrate for purposes of the separation of powers provided by the U.S. Constitution.

14. Accordingly, plaintiff seeks injunctive relief, invokes jurisdiction 28 U.S.C. § 1331 (Federal Question) or Article III, Section 2, Clause 1 of the U.S. Constitution for the Court to find and declare 8 U.S.C. § 1226(a) is unconstitutional and oppressive towards plaintiff because such federal law deprives, demeans, or degrades plaintiff a

4

lawful permanent resident ("LPR") and a non-prisoner or a free man at time of arrest, entitled to constitutional protection (1) under the law of warrants of the Fourth Amendment that is clearly established by the Courts and (2) Fifth Amendment Equal Protection Clause that guarantees equal protection provided by the law of warrants, clearly established by the Courts.

15. Secondly, the Court has jurisdiction to conduct judicial review of the enumerated three substantial questions of law or Constitutional challenges to a Statute— 8 U.S.C. § 1226(a), under 28 U.S.C. § 1331 (Federal Question) or Article III, Section 2, Clause 1 to the U.S. Constitution for injunctive purposes, to create a plausible defense against the jurisdictional preclusion in 8 U.S.C. § 1252(g) because a constitutional challenge to a statute or an act of Congress, cannot possibly arise or stem from any discretionary decision or action by the Attorney General. See *Demore v. Kim*, 538 US 510, 516- 517 (2003) ("But respondent does not challenge a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release. Rather, respondent challenges the statutory framework that permits his detention without bail... Having determined that the federal courts have jurisdiction to review a constitutional challenge to § 1226(c), we proceed to review respondent's claim."). Pro se plaintiff LIMPIN states that this case is factually distinguishable with *Demore v. Kim*, 538 US 510 (2003) because that case was a constitutional challenge to— 8 U.S.C. § 1226(c) (mandatory detention), while this case enumerates three substantial questions of law or Constitutional challenges to a Statute—8 U.S.C. § 1226(a) regarding (1) the issuance of an arrest warrant violating the law of warrants clearly established by the Courts and (2) such federal law that permits plaintiff to incur further captivity, during immigration custody hearings, despite an alleged unconstitutional ICE arrest warrant at the outset.

16. Thirdly, the Court's resolution to the enumerated three substantial questions of law or Constitutional challenges to a Statute— 8 U.S.C. § 1226(a) provides either relief for injunctive relief or creates cause of action for plaintiff's *Bivens*-type claims under the

**5**

Fourth Amendment and Fifth Amendment Equal Protection component. See *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954–55 (9th Cir. 2009) ("The Court has consistently interpreted jurisdictional statutes with an 'arising under' qualification, including § 1331, as giving the lower federal courts jurisdiction to hear…only those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").

17. Lastly, plaintiff seeks money relief for *Bivens*-type cause of action (1) Fourth Amendment Warrant Clause or clearly established law of warrants by the Courts violations under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 US 388 (Supreme Court 1971) and (2) Fifth Amendment Equal Protection violations under *Davis v. Passman*, 442 US 228 (Supreme Court 1979) that guarantees equal protection provided by the law of warrants of the Fourth Amendment Warrant Clause, caused by the following: (1) individually named federal defendants in their individual capacities and (2) individually named CoreCivic. INC., executives, who "inflicted parallel constitutional injury and engaged with federal action" by setting in motion a series of acts by others (i.e., private prison warden and private corrections officers) who were adhering to the corporate executive's strategic and management policies such as prison manuals, to make certain (1) plaintiff's transfer of custody by ICE federal officers and (2) plaintiff sustaining further captivity during immigration custody hearings, where the private prison corrections officer acts as the bailiff, who reports back to the warden for a head count in the private prison, eventually reporting back to corporate office because the duration of stay for every prisoner inflates the corporation's financial statements. In support, See *Pollard v. Geo Group, Inc.*, 607 F.3d 583, 589 (9th Circuit 2010) ("we have held that private defendants can be sued under *Bivens* if they engage in federal action [citations omitted]; see also *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1104 (9th Cir. 2004) ("To the extent that [Plaintiff] sought recovery from individual employees of the [private corporation managing the federal prison], the case had to be brought as a

6

*Bivens* action."). See also *Johnson v. Duffy*, 588 F.2d 740, 743-744 (9th Circuit 1978) ("The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.").

## VI.  LEGAL ARGUMENTS

### FIRST CAUSE OF ACTION
**Three substantial questions of law or Constitutional Challenges to a Statute— 8 U.S.C. § 1226(a), with jurisdiction 28 U.S.C. § 1331 (Federal Question)**

**The following are plaintiff's three substantial questions of federal law:**

18. **(1).** Whether the statute 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested…") is constitutionally impermissible or violates the Fourth Amendment because it "enables and instigates" the ICE arrest warrant (Form I-200) (See attached EXHIBIT A) not sworn to or not supported by *Oath or affirmation*, contrary to the requirement of the Fourth Amendment Warrant Clause that ("no Warrants shall issue, but upon probable cause, supported by *Oath or affirmation*")?

19. **(2).** Whether the statute 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested…") is constitutionally impermissible or violates the Fourth Amendment Warrant Clause because the "law of warrants is clearly established" by the Courts: [1] that an arrest warrant that issued, despite legislation, must be sworn to or supported by *Oath or affirmation*, [2] that the intendment of the Fourth Amendment Warrant Clause— emphasized the significance of "neutrality or impartiality" of the person that issued the arrest warrant despite legislation and [3] that the Executive Branch of government (i.e., President or U.S. Attorney General) despite legislation, cannot be neutral to issue an arrest warrant because of its involvement and connection with the prosecution and investigation of charges brought against plaintiff, unlike a judicial officer or neutral magistrate for purposes of the separation of powers provided by the U.S. Constitution?

**7**

20. **(3).** Whether the statute 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested…") is constitutionally impermissible or violates the Equal Protection Component of the Fifth Amendment because *before* the Executive Branch of government can take away plaintiff's liberty, it cannot deny the equal protection provided by the law of warrants under the Fourth Amendment Warrant Clause, requiring that [1] the issuance of an arrest warrant despite legislation, must be sworn to or supported by *Oath and affirmation* and [2] an arrest warrant be issued only by a "neutral or impartial" person, where the Executive Branch of government (i.e. President or Attorney General) despite legislation 8 U.S.C. § 1226(a), cannot be neutral or impartial to issue an arrest warrant because of its involvement with the prosecution and investigation of charges brought against plaintiff, unlike a judicial officer or neutral magistrate for purposes of the separation of powers provided by the U.S. Constitution?

21. **[A]. The statute —8 U.S.C. § 1226(a) is constitutionally impermissible or violates: (1) the Fourth Amendment Warrant Clause because the law of warrants is clearly established by the Courts— that the issuance of an arrest warrant despite legislation, must be sworn to or supported by *Oath and affirmation* and (2) Fifth Amendment Equal Protection component that guarantees equal protection that the issuance of an arrest warrant must be sworn to or supported by *Oath and affirmation.***

22. The ICE arrest warrant was *solely* issued by ICE law enforcement officer PORTER (See attached EXHIBIT A), acting under color of federal law, see 8 C.F.R. § 236.1(b)(1) and 8 U.S.C. § 1226(a) and as such, the ICE arrest warrant issued but the facts or probable cause to arrest was not sworn to or not supported by *Oath and affirmation*. Thus, violates the Fourth Amendment Warrant Clause that ("no Warrants shall issue, but upon probable cause, supported by *Oath or affirmation*"). In other words, ICE officer PORTER, a federal cop acted like a judge, solely issuing an arrest warrant, while acting under color of federal law, making such an act unconstitutional.

**8**

23. Pro se plaintiff cites Ninth Circuit jurisprudence that the "law of warrants is clearly established" by the Courts, where the arrest warrant that issued despite legislation, must be sworn to or supported by *Oath or affirmation*, required by the Fourth Amendment Warrant Clause. See *United States v. Vargas-Amaya*, 389 F.3d 901, 902 (9th Cir. 2004) (The Ninth Circuit held that an arrest warrant that issued under 18 U.S.C. § 3583(i), was not based on facts because it was not supported by *Oath or affirmation* and as such, did not meet the requirement for warrants, required by the Fourth Amendment Warrant Clause). Further in See *United States v. Vargas-Amaya*, 389 F.3d 901, 904 (9th Circuit 2004) ("The Warrant Clause of the Fourth Amendment unambiguously provides that "no Warrants shall issue, but upon probable cause, supported by *Oath or affirmation*, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV (emphasis added); see also *United States v. Pickard*, 207 F.2d 472, 475 (9th Cir.1953) (noting that the Warrant Clause secures an individual's right "to be protected against the issuance of a warrant for his arrest, except 'upon probable cause supported by *oath or affirmation*'") [Citations omitted]…In *Groh v. Ramirez*, 540 U.S. 551, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004), the Supreme Court recently affirmed that every warrant must meet the requirements of the Warrant Clause, and be based upon probable cause, supported by oath or affirmation. *Id.* at 1289-90…Thus, where a warrant is issued unsupported by *oath or affirmation*, it is invalid under the Fourth Amendment. See *United States v. Rabe*, 848 F.2d 994, 997 (9th Cir.1988) (explaining that Warrant Clause "requires the government to establish by sworn evidence presented to a magistrate that probable cause exists to believe that an offense has been committed").

24. Further, the Ninth Circuit held that the Fourth Amendment Warrant Clause applies to *both* search and arrest warrants and either warrant that is inhibited by the Fourth Amendment Warrant Clause cannot be enacted by Congress, See *United States v. Vargas-Amaya*, 389 F.3d 901, 906 (9th Cir. 2004) ("…the Supreme Court has made clear that no statute can purport to authorize the issuance of any warrant based upon less than that required by the Fourth Amendment. *Nathanson v. United States*, 290 U.S. 41, 47, 54

**9**

S.Ct. 11, 78 L.Ed. 159 (1933) ("The amendment applies to warrants under any statute; revenue, tariff, and all others. No warrant inhibited by it can be made effective by an act of Congress or otherwise."). Although *Nathanson* specifically dealt with search warrants, it interpreted the Warrant Clause to apply to *all* warrants. *see also Giordenello,* 357 U.S. at 485-86, 78 S.Ct. 1245 (explaining that the Warrant Clause "applies to arrest as well as search warrants").

25. Accordingly, pro se plaintiff raises substantial questions of law or constitutionally challenge the statute—8 U.S.C. § 1226(a) as constitutionally impermissible or violates the Fourth Amendment Warrant Clause because the "law of warrants" is clearly established by the Courts— that the issuance of an arrest warrant despite legislation, must be sworn to or supported by *Oath and affirmation,* where in this case a federal cop is solely issuing an ICE arrest warrant (See attached Exhibit A), acting under color of such federal law challenged.

26. **[B] The statute—8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested...) is constitutionally impermissible or violates: (1) clearly established law of warrants by the Courts— that the intendment of the Fourth Amendment requires the issuance of an arrest warrant despite legislation be made by a *"neutral or impartial person,"* that is detached from the prosecution and investigation of charges brought against plaintiff, where the Executive branch of government (i.e., President or U.S. Attorney General) cannot be neutral or impartial to issue an arrest warrant despite legislation—8 U.S.C. § 1226(a) because of its involvement and connection with the prosecution and investigation of charges brought against plaintiff, and (2) The Fifth Amendment guarantees "equal protection" provided by the law of warrants of the Fourth Amendment Warrant Clause— that the intendment of the Fourth Amendment requires that issuance of an arrest warrant be made by a neutral or impartial person detached from prosecution and law enforcement investigations.**

**10**

27. Pro se plaintiff raises substantial question of law or constitutionally challenge the statute—8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested...) is constitutionally impermissible or violates: (1) clearly established law of warrants by the Courts—that the intendment of the Fourth Amendment Warrant Clause requires that the issuance of an arrest warrant despite legislation be made by a *"neutral or impartial person,"* and that the Executive Branch of government (i.e. President and Attorney General) cannot be neutral or impartial to issue an arrest warrant despite legislation—8 U.S.C. § 1226(a) because of its involvement and connection with the prosecution and investigation of charges brought against plaintiff, unlike a judicial officer or neutral magistrate.

28. The closest and relevant precedent to support such claims that the issuance of a warrant be made only by a neutral or impartial person. See *Coolidge v. New Hampshire,* 403 US 443 (1971), where the Supreme Court emphasized the significance of "neutrality or impartiality" of the person that issues an arrest warrant. In that case, the Attorney General of the state of New Hampshire was authorized by legislation, or New Hampshire law to issue an arrest and search warrant (*Id. Coolidge, supra* at 447) and the Supreme Court upheld that such warrant does not meet the requirements for warrants under the Fourth Amendment and Fourteenth Amendment equal protection guarantee because the Attorney General and law enforcement officers, cannot be a neutral or impartial to issue a warrant, ("Without disrespect to the state law enforcement agent here involved, the whole point of the basic rule so well expressed by Mr. Justice Jackson is that prosecutors and policemen simply cannot be asked to maintain the requisite neutrality with regard to their own investigations—the "competitive enterprise" that must rightly engage their single-minded attention") (*Id. Coolidge, supra* at 449-450).

29. Pro se plaintiff cited *Coolidge* because such case was a Fourth Amendment and equal protection component of the Fourteenth Amendment claim and thus, commensurate to pro se plaintiff's claims under the Fourth Amendment and equal protection component of Fifth Amendment, where federal defendants are involved in this

**11**

case, not state actors. The district court judge in *Coolidge* stated ("After hearing the Attorney General's testimony on the issuance of the warrants, the trial judge said: "I found that an impartial Magistrate would have done the same as you did. I don't think, in all sincerity, that I would expect that you could wear two pairs of shoes.") (*Id. Coolidge, supra* at Fn. 3) and as such, pro se plaintiff also states that a federal cop that issued an ICE arrest warrant acting under color of federal law, 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(b)(1) cannot wear the same shoes as a neutral and detached magistrate.

30. Despite *Coolidge* was a search warrant invalidated on constitutional grounds, the Ninth Circuit upheld that the Fourth Amendment Warrant Clause applies to *both* search and arrest warrants and as such, a warrant authorized by 8 U.S.C. § 1226(a) that is inhibited by the Fourth Amendment Warrant Clause cannot be enacted by Congress, See *United States v. Vargas-Amaya*, 389 F.3d 901, 906 (9th Cir. 2004) ("…the Supreme Court has made clear that no statute can purport to authorize the issuance of any warrant based upon less than that required by the Fourth Amendment [Citations omitted].").

31. Plaintiff construes the following precedents upheld and states the "same theme," where the law of warrants is clearly established by the Courts—that the intendment of the Fourth Amendment emphasizes that the issuance of an arrest warrant despite legislation, be issued by a "neutral or impartial" person, to implement the separation of powers created by the Constitution and that the Executive Branch of government (*i.e.*, President and Attorney General) cannot be construed as a neutral person to issue an arrest warrant despite legislation —8 U.S.C. § 1226(a) because of their connection and involvement with the prosecution and investigation of charges brought against plaintiff, unlike a judicial officer or neutral and detached magistrate.

32. See *United States v. United States Dist. Court for Eastern Dist. of Mich.*, 407 US 297, 316 (Supreme Court 1972) ("Inherent in the concept of a warrant is its issuance by a "neutral and detached magistrate" citing, (*Coolidge v. New Hampshire, supra*, at 453; *Katz v. United States, supra*, at 356). See also *Katz v. United States*, 389 US 347, 359 (Supreme Court 1967) ("Neither the President nor the Attorney General is a

**12**

magistrate…they are not detached, disinterested, and neutral as a court or magistrate must be. Under the separation of powers created by the Constitution, the Executive Branch is not supposed to be neutral and disinterested."). Moreover, See *United States v. United States Dist. Court for Eastern Dist. of Mich.,* 407 US 297, 317 (Supreme Court 1972) ("The Fourth Amendment does not contemplate the executive officers of Government as neutral and disinterested magistrates. Their duty and responsibility are to enforce the laws, to investigate, and to prosecute. *Katz v. United States, supra,* at 359-360 (DOUGLAS, J., concurring) But those charged with this investigative and prosecutorial duty should *not* be the sole judges of when to utilize constitutionally sensitive means in pursuing their tasks. The historical judgment, which the Fourth Amendment accepts, is that unreviewed executive discretion may yield too readily to pressures to obtain incriminating evidence and overlook potential invasions of privacy and protected speech.") …. The Fourth Amendment contemplates a "prior judicial judgment," not the risk that executive discretion may be reasonably exercised. This judicial role accords with our basic constitutional doctrine that individual freedoms will best be preserved through a separation of powers and division of functions among the different branches and levels of Government.") (*Id. U.S. v. United States Dist. Court for Eastern Dist. of Mich., supra,* at 317) …. We use the word "judicial" to connote the traditional Fourth Amendment requirement of a neutral and detached magistrate. (*Id. United States v. United States Dist. Court for Eastern Dist. of Mich., supra,* at Fn. 18).

33. The Supreme Court held that clerks qualify as neutral and detached magistrates for purposes of the Fourth Amendment and described those inferences of probable cause be drawn by a neutral and detached magistrate See *Shadwick v. Tampa,* 407 US 345, 350 (Supreme Court 1972) ("The substance of the Constitution's warrant requirements does not turn on the labeling of the issuing party…. Thus, an issuing magistrate must meet two tests. He must be neutral and detached, and he must be capable of determining whether probable cause exists for the requested arrest or search. This Court long has insisted that inferences of probable cause be drawn by "a neutral and

**13**

detached magistrate instead of being judged by the officer engaged in the often-competitive enterprise of ferreting out crime." *Johnson v. United States, supra,* at 14; *Giordenello v. United States, supra,* at 486. In *Coolidge v. New Hampshire, supra,* the Court last Term voided a search warrant issued by the state attorney general "who was actively in charge of the investigation and later was to be chief prosecutor at the trial." *Id.,* at 450."). Contrary to this case, a federal cop that issued an ICE arrest warrant despite legislation (See attached EXHIBIT A) is *not* a person that qualifies as a neutral and detached magistrate because of its involvement and connection with the prosecution and investigation of charges brought against plaintiff and such, a violation of clearly established law of warrants under the Fourth Amendment Warrant Clause.

34. Accordingly, plaintiff's substantial question of law or constitutionally challenge to the statute—8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested...) is constitutionally impermissible or violates:

35. (1) clearly established law of warrants by the Courts— that the intendment of the Fourth Amendment requires the issuance of an arrest warrant be made only by a "neutral or impartial" person, detached from the prosecution and investigation of charges brought against plaintiff, implementing the separation of powers by the U.S. Constitution, and

36. (2) Equal Protection Component of the Fifth Amendment because *before* the Executive Branch of government can take away plaintiff's liberty, it cannot deny the equal protection provided by the law of warrants under the Fourth Amendment Warrant Clause, requiring that an arrest warrant be issued only by a "neutral or impartial" person, where the Executive Branch of government (i.e. President or Attorney General) despite legislation 8 U.S.C. § 1226(a), cannot be neutral or impartial to issue an arrest warrant because of its involvement with the prosecution and investigation of charges brought against plaintiff, unlike a judicial officer or neutral magistrate for purposes of the separation of powers provided by the U.S. Constitution, such deprivation of this fundamental right degrades or demeans plaintiff as a person, who was a free man entitled

**14**

to constitutional protection at the time of arrest. In support, See *Davis v. Passman*, 442 US 228, 234 (Supreme Court 1979) ("The Fifth Amendment provides that "no person shall be . . . deprived of life, liberty, or property, without due process of law . . ." In numerous decisions, this Court "has held that the Due Process Clause of the Fifth Amendment forbids the Federal Government to deny equal protection of the laws.").

**SECOND CAUSE OF ACTION**

***Bivens* cause of action against individually named federal defendants**

37. Firstly, the Court's resolution to the first cause of action, that enumerated three substantial questions of law or Constitutional challenges to a Statute— 8 U.S.C. § 1226(a) provides either relief for an injunctive relief or creates cause of action for plaintiff's *Bivens*-type claims under the Fourth Amendment and Fifth Amendment Equal Protection component. See *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954–55 (9th Cir. 2009) ("The Court has consistently interpreted jurisdictional statutes with an 'arising under' qualification, including § 1331, as giving the lower federal courts jurisdiction to hear…only those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").

38. Secondly, plaintiff seeks money relief for *Bivens*-type cause of action for: (1) violations of the Fourth Amendment Warrant Clause or clearly established law of warrants by the Courts under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 US 388 (Supreme Court 1971) and (2) violations of the Fifth Amendment Equal Protection under *Davis v. Passman*, 442 US 228 (Supreme Court 1979) that guarantees equal protection provided by the law of warrants of the Fourth Amendment Warrant Clause, caused by the following individually named federal defendants in their individual capacities: [1] Loretta E. LYNCH, former U.S. Attorney General and [2] ICE officers PORTER, COBIAN and LARWA, acting under color of federal law— 8 U.S.C. § 1226(a) and are not entitled to qualified immunity because a "reasonable person should know that he or she is violating "clearly established law of warrants" by the Courts, where such defendants

**15**

simultaneously deprives plaintiff the equal protection of the law of warrants of the Fourth Amendment guaranteed by the Fifth Amendment equal protection component and as a result, degrades or demeans plaintiff entitled to constitutional protection. See *Davis v. Passman*, 442 US 228, 234 (Supreme Court 1979) ("The Fifth Amendment provides that "no person shall be . . . deprived of life, liberty, or property, without due process of law . . ." In numerous decisions, this Court "has held that the Due Process Clause of the Fifth Amendment forbids the Federal Government to deny equal protection of the laws.").

39. As previously argued, the law of warrants is clearly established by the Courts that (1) the issuance of an arrest warrant despite legislation, must be sworn to or supported by *Oath and affirmation* required by the Fourth Amendment Warrant Clause ("no Warrants shall issue, but upon probable cause, supported by *Oath or affirmation*") and (2) the intendment of the Fourth Amendment Warrant Clause— requires that the issuance of an arrest warrant despite legislation be made by a "neutral or impartial person," where the Executive Branch of government (i.e. President and Attorney General) cannot be neutral or impartial to issue an arrest warrant despite legislation—8 U.S.C. § 1226(a) because of its involvement and connection with the prosecution and investigation of charges brought against plaintiff, unlike a judicial officer or neutral magistrate.

40. Hence, such federal defendants should reasonably know that they are clearly violating the law of warrants by the Courts under the Fourth Amendment and to deprive plaintiff of such right and protection, demeans and degrades plaintiff as a person because it simultaneously deprives plaintiff his liberty and Fifth Amendment rights that guarantees the equal protection provided by the law of warrants provided by the Fourth Amendment Warrant Clause. See *Davis v. Passman*, 442 US 228, 234 (Supreme Court 1979) ("The Fifth Amendment provides that "no person shall be . . . deprived of life, liberty, or property, without due process of law . . ." In numerous decisions, this Court "has held that the Due Process Clause of the Fifth Amendment forbids the Federal Government to deny equal protection of the laws.").

**16**

41. Thirdly, plaintiff seeks money relief for *Bivens*-type cause of action for: (1) violations of the Fourth Amendment Warrant Clause or clearly established law of warrants by the Courts under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 US 388 (Supreme Court 1971) and (2) violations of the Fifth Amendment Equal Protection under *Davis v. Passman*, 442 US 228 (Supreme Court 1979) that guarantees equal protection provided by the law of warrants of the Fourth Amendment Warrant Clause, caused by the following individually named federal defendants in their individual capacities:

42. [1] Robert B.C. MCSEVENY (Immigration Judge), [2] Kerri A. CALCADOR (former DHS prosecuting attorney) and [3] Guy G. GRANDE (former DHS prosecuting attorney), who despite bond hearings or custody hearings, excruciatingly held plaintiff captive for 9,864 hours or 411 days or 13 months and 15 days, while acting under color of federal law—8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.") or under color of federal law 8 C.F.R. § 236.1(c).

43. According to the California state bar website, such federal defendants have corresponding California state bar licenses, comprehensively trained with Constitutional law, and when they are preparing for the hearing and opened the administrative record during two separate custody hearings, in "plain view" shows that the ICE arrest warrant was "issued by a federal cop" (See EXHIBIT A) and in those instances, they violated plaintiff's fundamental rights: (1) Fourth Amendment (i.e., clearly established law of warrants by the Courts) and (2) Fifth Amendment that guarantees equal protection of the Fourth Amendment Warrant Clause because despite prior knowledge of a questionable ICE arrest warrant at the outset, they continued to deprive plaintiff's liberty, while acting under color of federal law — 8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(c).

44. Therefore, plaintiff claims that such federal defendants who are comprehensively trained with Constitutional law are not entitled to qualified immunity because they are either "plainly incompetent or knowingly violates" (1) clearly established law of warrants by the Courts under the Fourth Amendment and (2)

**17**

deprivation of Fifth Amendment rights that guarantees equal protection of the law of warrants under the Fourth Amendment, because they continued to detain or deprive plaintiff his liberty despite prior knowledge of the questionable ICE arrest warrant in the administrative record and as a result, degraded or demeaned plaintiff as a person, while they are acting under color of federal law—8 U.S.C. § 1226(a) and 8 C.F.R. § 236.1(c) during custody hearings.

45. On the other hand, a reasonable person should know, such as defendants who has comprehensive training in Constitutional law, would have believed that his or her conduct was lawful by continuing to detain plaintiff, while acting under color of law, despite prior knowledge of an ICE arrest warrant signed by a federal cop that violates clearly established law of warrants by the Courts.

46. See *Al-Kidd v. Ashcroft*, 580 F.3d 949, 957-958 (9th Cir. 2009) ("In *Bivens* actions and those taken under 42 U.S.C. § 1983, "most public officials are entitled only to qualified immunity." [Citations].... They are entitled only to qualified immunity, however, when they perform investigatory or administrative functions, or are essentially functioning as police officers or detectives. *Id.* In addition, the United States Attorney General is not entitled to absolute immunity in the performance of his or her "national security functions." [Citations]. "). For plaintiff's *Bivens* claims under the Fifth Amendment Equal protection clause See *Davis v. Passman,* 442 US 228, 234 (Supreme Court 1979) ("The Fifth Amendment provides that "no person shall be . . . deprived of life, liberty, or property, without due process of law . . ." In numerous decisions, this Court "has held that the Due Process Clause of the Fifth Amendment forbids the Federal Government to deny equal protection of the laws.").

## THIRD CAUSE OF ACTION

*Bivens* **cause of action against individually named executives of CoreCivic, INC.**

47. Firstly, the Court's resolution to the first cause of action, that enumerated three substantial questions of law or Constitutional challenges to a Statute— 8 U.S.C. §

**18**

1226(a) provides either relief for monetary damages or creates cause of action for plaintiff's *Bivens*-type claims under the Fourth Amendment and Fifth Amendment Equal Protection component. See *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954–55 (9th Cir. 2009) ("The Court has consistently interpreted jurisdictional statutes with an 'arising under' qualification, including § 1331, as giving the lower federal courts jurisdiction to hear…only those cases in which a well-pleaded complaint establishes either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.").

48. Secondly, plaintiff seeks money relief for *Bivens*-type cause of action for: (1) violations or deprivations of the Fourth Amendment Warrant Clause or clearly established law of warrants by the Courts under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 US 388 (Supreme Court 1971) and (2) violations or deprivations of the Fifth Amendment Equal Protection under *Davis v. Passman*, 442 US 228 (Supreme Court 1979) that guarantees equal protection provided by the law of warrants of the Fourth Amendment Warrant Clause and as a result of the deprivation, degrades or demeans plaintiff as a person, entitled to constitutional protection, caused by the following individually named CoreCivic, INC. executives in their individual capacities: [1] Damon T. HININGER (Corecivic, INC., Chief Executive Officer), [2] Cole CARTER (CoreCivic, INC., Executive Vice President), [3] David CHURCHHILL (CoreCivic, INC., Executive Vice President), [4] David M. GRAFINKLE (CoreCivic, INC., Chief Financial Officer), [5] Anthony L. GRANDE (CoreCivic, INC., Executive Vice President), [6] Lucibeth MAYBERRY (CoreCivic, INC., Executive Vice President), [7] Patrick SWINDLE (CoreCivic, INC., Chief Operating Officer) and [8] Harley LAPPIN (CoreCivic, INC., Director).

49. Plaintiff claims that CoreCivic, INC. (formerly known as Corrections Corporation of America) is the de facto arm of the executive branch of the federal government, where such corporation owns and subcontracts the private prison with the Bureau of Prisons that held plaintiff captive.

**19**

50. Plaintiff claims that such Corecivic, INC. executives engaged with federal action and inflicted parallel constitutional injury by the federal defendants. See *Pollard v. Geo Group, Inc.*, 607 F.3d 583, 589 (9th Circuit 2010) ("we have held that private defendants can be sued under *Bivens* if they engage in federal action [citations omitted]; see also *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1104 (9th Cir. 2004) ("To the extent that [Plaintiff] sought recovery from individual employees of the [private corporation managing the federal prison], the case had to be brought as a *Bivens* action.").

51. Plaintiff claims that such defendants are culpable under *Bivens*, where "requisite causal connection" is established by setting in motion a series of acts by others (i.e., private prison warden and private corrections officers), who were adhering to the corporate executive's strategic and management policies and procedures implemented such as prison manuals, to make certain: (1) plaintiff's transfer of custody by ICE federal officers and (2) plaintiff sustaining further captivity during immigration custody hearings, where the corporations' corrections officer acts as the bailiff, who reports back to the warden for a head count in the private prison, eventually reporting back to corporate office because the duration of stay for every prisoner inflates the corporation's financial statements. See *Johnson v. Duffy*, 588 F.2d 740, 743-744 (9th Cir. 1978) ("The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.").

52. CoreCivic, INC. was founded in 1983, with all those years in operation, the executives in every corporate meetings they made, cannot possibly miss noticing that the ICE arrest warrants for every prisoner intake by the thousands and hundreds of thousands in numbers, were being signed by a federal cop and as such, undeniably culpable for *Bivens* liability because a reasonable person should know that he or she is violating: (1) plaintiff's Fourth Amendment Warrant Clause rights or the law of warrants that is clearly

**20**

established by the Courts and (2) depriving plaintiff his Fifth Amendment rights that guarantees the equal protection of the law of warrants provided by the Fourth Amendment Warrant Clause.

53. Moreover, it is evident that there is a conspiracy between the corporate employees and the executive branch of government (i.e., ICE federal law enforcement) because the corporation is the "de facto arm" having contractual agreements, to provide a private prison to every prisoner that ICE law enforcement brings in and as such, inflicting parallel constitutional injury. Since *Bivens* is analogous to a civil rights deprivation under 42 U.S.C. § 1983, pro se plaintiff cites a case that defines conspiracy between a private party and law enforcement, See *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-1541 (9th Cir. 1989) ("To prove a conspiracy between the state and private parties under section 1983, the Steelworkers must show "an agreement or meeting of the minds" to violate constitutional rights." [Citations]. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy. [Citations]. (citing See *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 435-36 (7th Cir.1986) (police agreement to arrest anyone designated by shopkeeper constitutes conspiracy)).").

54. Accordingly, the individually named CoreCivic, INC. executives are culpable and liable for *Bivens* claim by plaintiff for violations or deprivation of: (1) Fourth Amendment Warrant Clause rights or law of warrants that is clearly established by the Courts and (2) Fifth Amendment rights that guarantees equal protection provided by the law of warrants of the Fourth Amendment, where plaintiff as a person and a free man at time of the arrest, degraded or demeaned by such deprivation.

## VII. PRAYER FOR RELIEF

55. (1). Injunctive relief as to the court's resolution to the enumerated, three substantial questions of law to find and declare that 8 U.S.C. § 1226(a) is unconstitutional and oppressive because it deprived plaintiff his fundamental rights: (1) under the Fourth

21

Amendment Warrant Clause or law of warrants clearly established by the Courts and (2) Fifth Amendment that guarantees equal protection provided by the law of warrants of the Fourth Amendment Warrant Clause, where the current U.S. Attorney General Merrick GARLAND, is sued in his official capacity.

56. (2). Demand for jury trial as to the *Bivens* claims, See *Nurse v. United States*, 226 F.3d 996, 1005 (9th Circuit 2000) ("On the other hand, although jury trials and punitive damages awards are impermissible in FTCA claims, they are both available in claims against individual defendants under *Bivens* [Citations].").

57. (3). Punitive damages in the amount of $20,000,000 as to the *Bivens* claims.


Very respectfully submitted by:                    Date:


*Melchor Karl T. Limpin* (signature)                8/4/2022

Melchor Karl T. LIMPIN, pro se plaintiff

22