UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELCHOR KARL T. LIMPIN,<br><br>                         Plaintiff,<br><br>v.<br><br>MERRICK GARLAND et al.,<br><br>                         Defendants. | Case No.: 22-cv-1150-CAB-BGS<br><br>**ORDER:**<br>**1) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i);**<br><br>**AND**<br><br>**2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2] AS MOOT.** |

Plaintiff Melchor Karl T. Limpin filed this civil action against sixteen individuals, including the current and former attorney general of the United States, on August 4, 2022. [Doc. No. 1.]  Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant

immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim."); *see also Chavez v. Robinson*, 817 F.3d 1162, 1167 (9th Cir. 2016) (noting that § 1915(e)(2)(B) "mandates dismissal—even if dismissal comes before the defendants are served"). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

Here, Plaintiff's complaint purports to assert claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), arising out of his arrest and detention by Immigration and Customs Enforcement ("ICE") in 2015. In 2016, Plaintiff filed a *Bivens* lawsuit arising out of the same events. *See* S.D. Cal. Case No. 16-cv-2351-AJB-BLM. The 2016 lawsuit was dismissed by the district judge, and the Ninth Circuit affirmed that dismissal on appeal. *See* Doc. Nos. 40, 47 from S.D. Cal. Case No. 16-CV-2351. The Ninth Circuit also rejected "as meritless Limpin's contention that he should have been granted leave to amend." After the mandate from the Ninth Circuit was entered on the docket of Plaintiff's 2016 case, Plaintiff attempted to file an amended complaint, which was stricken. The complaint here is simply Plaintiff's renewed effort to litigate the same claims, with Plaintiff conceding that this case is a "refiling" of the 2016 lawsuit.

Plaintiff contends that *res judicata* or claim preclusion do not apply because the district court dismissed the 2016 lawsuit without prejudice. The Court need not address Plaintiff's argument, however, because even if *res judicata* does not apply, the complaint is subject to *sua sponte* dismissal because it is time-barred. The statute of limitations for *Bivens* claims in California is two years. *See Yasin v. Coulter*, 449 F. App'x 687, 689 (9th

Cir. 2011). Because Plaintiff did not file this complaint until more than seven years after the actions of which he complains, it is barred by the statute of limitations. Thus, his "complaint has no arguable basis in law or fact," and is subject to dismissal pursuant to 28 U.S.C. § 1915(e). *Baker v. Farris*, 936 F.2d 576 (Table), 1991 WL 113811 (9th Cir. 1991) (affirming *sua sponte* dismissal of time-barred § 1983 action as frivolous).[1]

In light of the foregoing, it is hereby **ORDERED** that the complaint is **DISMISSED** as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), and the application to proceed IFP is **DENIED AS MOOT**. This case is **CLOSED**, and any further filings will be rejected.

It is **SO ORDERED**.

Dated: August 8, 2022

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Because it was dismissed pursuant to Federal Rule of Civil Procedure 4(m), the statute of limitations was not tolled during the pendency of the 2016 lawsuit. *See* Federal Rule of Civil Procedure 4(m) Advisory Committee Notes (stating that that relief from Rule 4(m) could be justified "if the applicable statute of limitations would bar the refiled action").